UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EVA PATEL, | CASE NO. 09CV2303 DMS (wvg) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| vs. | |
| WASHINGTON MUTUAL, nka JP MORGAN CHASE, et al., | [Docs. 4-5] |
| Defendant. | |

Pending before the Court is Plaintiff's motion to remand and motion for leave to amend the complaint, should this Court not remand the action. For the reasons set forth below, Plaintiff's motion for remand is denied. Plaintiff's motion for leave to amend is granted.

**I.**

**BACKGROUND**

Plaintiff filed a complaint in the Superior Court of California, County of San Diego on September 9, 2009 for claims surrounding a pending mortgage foreclosure. (Pl. Mem. P. & A. at 1.) The complaint states eight claims for relief. Two of those claims are federal law claims: violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. (Pl. Comp. ¶¶53-65.)

Concurrently with the complaint, Plaintiff filed an ex parte application for a temporary

1  restraining order to prevent the foreclosure sale. (Pl. Mem. P. & A. at 2.) The Superior Court granted
2  Plaintiff's application and issued an order for a temporary restraining order. (Def. Notice of Removal.)
3  The Superior Court scheduled an order to show cause hearing on a preliminary injunction for
4  December 4, 2009. (*Id.*) According to Plaintiff, Defendants proceeded with the foreclosure sale
5  despite the temporary restraining order. (Pl. Mem. P. & A. at 2.) Defendant JP Morgan Chase was
6  the purchaser of the property, but it has since rescinded the foreclosure. (*Id.*)

7  On October 16, 2009, Defendants removed the case to this Court. (Doc. 1.) On November 18,
8  2009, Plaintiff filed a motion to remand the case to state court. (Doc. 2.) A hearing was scheduled
9  for January 22, 2010. On December 10, 2009, Plaintiff filed a motion to amend the complaint. (Doc.
10 3.) Defendants consent to the motion to amend the complaint. Defendants filed an opposition to the
11 motion to remand (Doc. 7) and Plaintiff filed a reply (Doc. 8). On January 6, 2010, the Court
12 continued the hearing on the motion to remand to February 5, 2010. (Doc. 6.)

**II.**

**DISCUSSION**

15 This Court has federal question jurisdiction over Plaintiff's RESPA and TILA claims, and
16 supplemental jurisdiction over the state law claims. Plaintiff does not challenge this Court's
17 jurisdiction, but argues instead that the Court should remand the case based on abstention principles.

18 None of the abstention principles cited by Plaintiff apply in this case. *Burford* abstention
19 applies in extraordinary circumstances, generally when there are complex state regulatory systems at
20 issue. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27 (1996). The *Rooker-Feldman*
21 doctrine applies when there is a state court judgment, and the "loser" in state court files a federal suit
22 to challenge the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,
23 284 (2005). The temporary restraining order issued by the Superior Court in this case is not a state
24 court judgment. *Younger* abstention and the *Colorado River* doctrine apply when there are ongoing
25 or parallel state court proceedings. Here, there is only one proceeding; the issue is whether it will
26 proceed in federal or state court.

27 Since this Court has jurisdiction over Plaintiff's complaint, remand is not warranted.
28 Accordingly, Plaintiff's motion is denied. Plaintiff is granted leave to file her First Amended

1 | Complaint.

2 | **IT IS SO ORDERED.**

3 | DATED: February 2, 2010

_____
HON. DANA M. SABRAW
United States District Judge